NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

September 19, 2018

Anastasia Winslow, Esq.
Winslow Law LLC
95 Spruce Street
Princeton, NJ 08542
*Counsel for Plaintiff*

Cherie Adams, Esq.
Adams Gutierrez & Lattiboudere, LLC
The Legal Center
1037 Raymond Boulevard, Suite 900
Newark, NJ 07102
*Counsel for Defendant Jersey City Board of Education*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re: **L.W. v. Jersey City Board of Education**
    **Civil Action No. 17-6451 (SDW) (LDW)**

Counsel:

Before this Court are the parties' cross motions for reconsideration of this Court's July 23, 2018 Opinion and Order which denied the parties' cross-motions for summary judgment and remanded this matter to the Administrative Law Judge ("ALJ") for further proceedings. This Court having considered the parties' submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **DENIES** the cross-motions for reconsideration.

## DISCUSSION

A. Standard of Review

"Although the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such a review." *Sch. Speciality, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2 (D.N.J. July 30, 2015). A party moving

for reconsideration must file its motion within fourteen (14) days "after the entry of the order or judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). A motion for reconsideration is "an extremely limited procedural vehicle," *Ferrentino*, 2015 WL 4602995 at *2 (internal citations omitted), which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000). Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

B. The July 23, 2018 Opinion and Order Are Not Clearly Erroneous or Contrary to Law

This Court's July 23, 2018 Opinion clearly identified and applied the proper legal standards for motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendant neither identifies any intervening change in the relevant law nor new evidence that was unavailable at the time this Court entered its decision, and therefore, must rest solely on the contention that this Court's decision contains an error of fact or law that, if left uncorrected, would result in manifest injustice. Defendant fails to point to such error. Rather, Defendant contends that this Court "overlooked" documentation in the record regarding L.W.'s "parents' decision-making authority." (Dkt. No. 44-1 at 3.) Defendant's position, however, is nothing more than a disagreement with this Court's finding that the record is unclear as to who had authority to make decisions for L.W. at the times in question, and is insufficient to support a motion for reconsideration. *See Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000) (noting that a motion for reconsideration "will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered" to come to a different conclusion). Therefore, Defendant's motion will be denied.

Plaintiff's motion, while styled as a motion for reconsideration, is in fact, a motion for clarification of this Court's remand order. Specifically, Plaintiff seeks clarification as to the "discreet and independent legal issue of whether L.W. has standing to maintain claims in her own right." (Dkt. No. 43-2.) This Court cannot determine, as a matter of law, whether L.W. does or does not have standing to maintain her claims on this factual record. For example, it appears that L.W. participated in at least one eligibility meeting with the school district as a minor, (Pa 221-222), and she certifies that she asked for additional services which were never provided (Pa 281). However, because the ALJ did not take testimony from L.W., the record fails to clarify what L.W. knew and when she knew it or to what extent she was involved in or understood the special education proceedings at issue.[1] Therefore, this Court clarifies that, on

---

[1] As noted in the July 23, 2018 Opinion, the record also fails to clearly set forth what L.W.'s parents knew (or should have known) or which of her parents (or entities) had legal authority to make educational decisions for L.W. (Dkt. No. 41 at 10-11.)

2

remand, the ALJ is "is being asked to consider L.W.'s testimony as to what she knew, or should have known, as to her eligibility for special education services." (Dkt. No. 43-1 at 3.)[2]

**CONCLUSION**

For the reasons set forth above, Defendant's Motion for Reconsideration of this Court's July 23, 2018 Opinion and Order is **DENIED**. Plaintiff's Motion for Reconsideration is also **DENIED**, but clarification as to the scope of this Court's prior remand Order is provided above. An appropriate order follows.

                                                                ___/s/ Susan D. Wigenton_____
                                                                **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
         Leda D. Wettre, U.S.M.J.

---

[2] This Court takes no position on Plaintiff's ultimate likelihood of success on her claims on remand.